# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

LINDA BREJWO,

        Plaintiff,

v.                                                              Case Number: 2:23-cv-00121

YVONNE KINCAID,

        Defendant.


### PROPOSED FINDINGS & RECOMMENDATION

This matter is assigned to the Honorable John T. Copenhaver, Jr., Senior United States District Judge for the Southern District of West Virginia, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 3.) Before this Court is the *Notice of Removal* filed by Defendant Yvonne Kincaid ("Defendant" or "Kincaid"), the undersigned's March 6, 2023 *Order to Show Cause*, and Kincaid's pending *Request for Court Appointed Counsel*. (ECF Nos. 2; 5; 17.) For the reasons explained more fully herein, it is respectfully **RECOMMENDED** that the Court **DENY** Defendant's *Request* as moot, and order *sua sponte* that this civil action be **REMANDED** to the Circuit Court of Wood County, West Virginia.

I.     **Background**

Defendant Kincaid, proceeding *pro se*, filed a *Notice of Removal* (the "*Notice*") in this Court on February 14, 2023, seeking to remove certain proceedings from the Circuit Court of Wood County, West Virginia (the "Wood County Circuit Court"). (ECF No. 2.) Importantly, Kincaid did not provide a copy of the *Complaint* or any of the other pleadings, process, orders, or papers that were served on her in the course of the Wood County proceedings, as required by 28 U.S.C. § 1446(a); thus, the record herein is limited solely to the vague representations of fact set forth in Kincaid's *Notice*. (*See* ECF No. 2.) As a result, both the substance and status of the Wood County proceedings—either presently, or at the time of removal—remain utterly unclear. For instance, Defendant characterized the proceedings she sought to remove as "all claims and causes of [c]ivil action styled LINDA BREJWO v. YVONNE KINCAID from the Circuit Court of Wood County, WV, pending as Case No. CC-54-2022-C-AP-27, and pending as Case No. 23-M54C-00255 from the Magistrate Court of Wood County, WV and initial filing pending as Case No. CC-54-2022-C-AP-26 from Circuit Court of Wood County, WV." (ECF No. 2 at 2.) Kincaid also asserted vaguely via subsequent June 26, 2023 correspondence to the Court that she removed "3 pendent Civil Complaints filed against [her] and 3 Counterclaims." (ECF No. 15-1.)

Based upon the limited information available, it appears that Plaintiff, Linda Brejwo ("Plaintiff" or "Brejwo"), filed at least one *Complaint* in the Magistrate Court of Wood County, West Virginia (the "Wood County Magistrate Court"), seeking Kincaid's eviction from an apartment managed by Brejwo on the grounds that Kincaid violated the terms of her lease agreement when, *inter alia*, Kincaid refused to permit Brejwo's maintenance workers inside the apartment to spray "preventative treatments" for pests.

(*See* ECF No. 2 at 2-3.) Kincaid argues in her *Notice* that she was justified in refusing to permit these treatments inside her apartment because the workers were using "poison[ou]s toxic chemicals." *Id*. at 3. These unspecified proceedings *may* have resulted in a final order of eviction, but as the record currently stands the Court can do no more than speculate. (*See* ECF No. 10.)

In support of removal, Kincaid argued in her *Notice* that this Court has "original" subject-matter jurisdiction pursuant to the "federal question" provision set forth in 28 U.S.C. § 1331, on the grounds that the maintenance workers' attempt to spray "poison[ou]s toxic chemicals" in Kincaid's apartment constituted a crime against humanity for use of a chemical weapon under "18.U.S.C. Ch. 11, Code 229." (*See* ECF No. 2 at 3-5.) Because this chemical-weapon defense cites to a federal statute, Kincaid argued in her *Notice* that this matter "aris[es] under the Constitution, laws, or treaties of the United States" under § 1331. (ECF No. 2 at 3.) Additionally, Kincaid argued that there is jurisdiction under § 1331 because she was purportedly denied due process during the Wood County proceedings in violation of the Fourteenth Amendment. *See id*.

Kincaid's *Notice* also argued that this Court has "original" subject-matter jurisdiction pursuant to the "diversity of citizenship" provision set forth in § 1332, because Plaintiff Brejwo "is a citizen of the United States," and Defendant Kincaid "is [a] long term, legal resident, but citizen of the Czech Republic[.]" *Id*. at 5. Kincaid's *Notice* appears to assert that the amount-in-controversy requirement of § 1332 is satisfied because she asserted a counterclaim against Brejwo seeking damages in the amount of $7.5 million; again, however, the nature of this purported counterclaim is unclear, as the record is devoid of any information beyond Kincaid's vague assertions. *Id*.

On March 6, 2023, the undersigned entered an *Order to Show Cause*, explaining to Kincaid that her *Notice of Removal* did not "assert sufficient facts for the Court to determine its subject-matter jurisdiction over this action," and that Kincaid failed "to file any pleadings, motions, process, or other records from the State court proceedings—let alone the required 'copy of all process, pleadings, and orders' with which Defendant has been served prior to removal as required by 28 U.S.C. § 1446(a)." (ECF No. 5.) The *Order to Show Cause* required Kincaid to supplement the record by March 20, 2023, so that the Court could determine whether subject-matter jurisdiction exists. (ECF No. 5.) Specifically, Kincaid was ordered to show cause as to why this action should not be remanded to the Circuit Court of Wood County for lack of subject-matter jurisdiction; further, the Court expressly explained therein that Kincaid "must include identification of the Plaintiff's alleged state of citizenship; identification of the date(s) on which Defendant was served with a copy of the summons and complaint in this matter; and a description of the type of legal residence in the United States Defendant currently holds, including whether Defendant has been classified as a permanent resident by any agency of the United States, and if so, the date of such agency action." *Id.* at 2. The Court's *Order to Show Cause* also required Kincaid to, *inter alia*, file "a complete copy of all records of the proceedings before the State court as reflected on that court's docket sheet" pursuant to 28 U.S.C. § 1447(a). *Id.* at 2-3. Kincaid was also expressly notified therein that her failure to comply "will result in a recommendation to the presiding District Judge that this matter be remanded to the Circuit Court of Wood County, West Virginia, for failure to meet her burden to demonstrate the Court's jurisdiction over the subject matter of this civil action." *Id.* at 3. Defendant Kincaid failed to comply with—or even address—the *Order to Show Cause* by the Court's March 20, 2023 deadline. Accordingly, the

undersigned submitted *Proposed Findings and Recommendations* to the presiding District Judge, recommending that this matter be dismissed *sua sponte* for lack of subject-matter jurisdiction. (ECF No. 6.)

On April 11, 2023—approximately three weeks after her deadline to show cause—Kincaid requested an enlargement of time to respond, explaining that she "was unable to respond by the [Court's deadline]" because she had been arrested and incarcerated for five days, was "under medical care," and was "unable to locate [her] personal belongings," or the *Order to Show Cause*, after being evicted from her apartment by a law enforcement officer. (ECF No. 10.) The following day on April 12, 2023, the undersigned entered an *Order* granting Kincaid's request for additional time and extended the deadline to "no later than 5:00 p.m. on Monday, May 29, 2023." (ECF No. 12 at 1.) The *Order* expressly notified Kincaid "that additional extensions of time will not be permitted absent a showing of good cause, made prior to expiration of the amended [May 29] deadline," and that her failure to comply in a timely manner "will result in a renewed recommendation to the presiding District Judge that this matter be remanded to the Circuit Court of Wood County, West Virginia, for failure to meet her burden to demonstrate the Court's jurisdiction over the subject matter of this civil action." *Id.* at 2. Once again, however, Defendant Kincaid failed to comply with—or even address—the *Order to Show Cause* by the Court's extended May 29, 2023 deadline.

Subsequently, on June 26, 2023—approximately two weeks after her deadline to comply with the Court's *Order to Show Cause*—Kincaid filed another *Motion* for an extension of time, explaining that she was experiencing difficulty complying due to the eviction, her lack of assets, not receiving the original March 6, 2023 *Order to Show Cause* in the mail, and a foot fracture. (ECF No. 14.) She requested "additional time" to comply

with the *Order to Show Cause* so that she could "recover from injuries," to "deal with [the] living conditions [she was] facing," and "to obtain document[s]." *Id.* at 2.

On December 5, 2023, the undersigned once again granted Kincaid's request for additional time, extending the deadline for Kincaid "to respond in compliance with the Court's *Order to Show Cause*" to December 20, 2023, "out of an abundance of caution due to Defendant's status as a pro se party." (ECF No. 16.) The undersigned's December 5, 2023 *Order* expressly directed Kincaid that her December 20, 2023 response must, *inter alia*:

> (2)    Show cause as to why this action should not be remanded to the Circuit Court of Wood County for lack of subject-matter jurisdiction, including:
>
>    a.    Identify the State in which Plaintiff is domiciled;
>    b.    Identify the State in which Defendant is domiciled;
>    c.    State whether the Defendant is lawfully admitted for permanent residence in the United States, and if so, the date on which Defendant obtained her alien registration card (also known as a "green card"); and
>
> (3)    Submit as an exhibit to the response a copy of "all records and proceedings" before the Magistrate Court of Wood County, West Virginia, and the Circuit Court of Wood County, West Virginia, from which Defendant removed the instant civil action, including a copy of the corresponding docket sheets, pursuant to 28 U.S.C. § 1447(a) and Local Rule 3.4(b).

(ECF No. 16 at 2.) Furthermore, the *Order* provided as follows, in bold and underscored print:

> **Defendant is hereby NOTIFIED that no further extensions will be granted, and continued failure to substantively respond to the Court's Show Cause Order WILL result in a recommendation to the presiding District Judge that this matter be remanded to the Circuit Court of Wood County, West Virginia, pursuant to 28 U.S.C. § 1447(c).**

*Id.* (emphasis in original).

6

Despite these warnings, however, for the third time Defendant Kincaid failed to comply with—or even address—the Court's directives by the deadline extension of December 20, 2023. Instead, two weeks *after* the deadline on January 3, 2024, Kincaid filed a *Request for Court Appointed Counsel*, seeking a Court-appointed attorney on the grounds that she has defenses to the merits of the eviction action, that she was evicted and temporarily detained, and that she has experienced difficult living conditions following the eviction. (ECF No. 17.)

## II.  <u>Analysis</u>

*Sua sponte* remand is proper because Defendant failed to meet her burden to demonstrate that the Court has subject-matter jurisdiction over this civil action, and because Defendant failed to comply with the undersigned's March 6, 2023 Order to Show Cause (ECF No. 5) despite having a nine-month extension of time to do so.

### a.    **Subject-Matter Jurisdiction**

As the U.S. Supreme Court stated, "[i]t is a fundamental precept that federal courts are courts of limited jurisdiction," constrained to exercise subject-matter jurisdiction solely pursuant to the authority conferred by Article III of the Constitution and affirmatively granted by federal statute. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978); *see also In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Consequently, there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (citing *Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 337, 327 (1895)). As this Court has explained, "the burden is on the party asserting jurisdiction to demonstrate that jurisdiction does, in fact, exist." *Rockwell Mining, LLC v. Pocahontas Land LLC*, 2:20-cv-00487, 2020 WL 7489758, at *2 (S.D. W. Va. Dec. 21, 2020) (citing *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999)). Federal

courts also have an "independent obligation" to investigate the limits of their subject-matter jurisdiction and must determine, *sua sponte*, if a valid basis for jurisdiction exists before a civil action may proceed. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); *Bulldog Trucking*, 147 F.3d at 352. *See also* Fed. R. Civ. P. 12(h)(3).

When a civil action is in federal court by operation of removal from state court pursuant to 28 U.S.C. § 1441(b), the jurisdictional standard is even more strict. *See Fenton v. Food Lion, Inc.*, 3:02-cv-17, 2002 WL 1969662, at *3 (W.D. Va. Aug. 23, 2002) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)). This heightened standard is due to the "significant federalism concern" raised by removal jurisdiction, as "the removal of civil cases to federal court infringes upon state sovereignty." *Fenton*, 2002 WL 1969662, at *2 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)). Further, in light of the federal courts' limited jurisdiction and the "clear intention" of Congress "to resolve all doubts about the propriety of removal in favor of retained state court jurisdiction," the "clear and undisputed rule [is] that removal statutes must be strictly construed against removal." *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993); *Castle v. Laurel Creek Co.*, 848 F. Supp. 62, 65 (S.D. W. Va. 1994) (emphasis in original). A defendant's notice of removal must, therefore, set forth the jurisdictional grounds for removal. 28 U.S.C. § 1446(a)-(b); *see also Contreras v. Thor Norfolk Hotel, LLC*, 292 F. Supp. 2d 794, 798 (E.D. Va. 2003) (explaining that the defendant's notice of removal must "set forth enough information for the Court to determine that [jurisdiction] exists"). Absent such a showing, Congress expressly provided that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c) (emphasis added).

In civil cases, district courts generally exercise two relevant categories of subject-matter jurisdiction: "federal question jurisdiction" under 28 U.S.C. § 1331, in which the action "arises under the Constitution, laws, or treaties of the United States," or "diversity jurisdiction" under 28 U.S.C. § 1332, in which "the matter in controversy exceeds the sum or value of" a monetary amount set by Congress—which is currently "$75,000, exclusive of interest and costs"—and is between, *inter alia*, "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2).

First, Defendant has not met her burden of demonstrating that the Court has subject-matter jurisdiction based upon a federal question pursuant to 28 U.S.C. § 1331. Under this statute, "a defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case 'arises under' federal law." *Williamsburg*, 478 F. Supp. 2d at 863 (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10 (1983)). Thus, "[i]n order to remove a case under federal question jurisdiction, the federal question must be an element, and an essential one, of the plaintiff's cause of action." *Williamsburg*, 478 F. Supp. 2d at 863 (internal quotations omitted).

In this case, there is no indication based upon the current record before this Court that the caus(es) of action set forth in Plaintiff Brejwo's *Complaint* arise under federal law within the scope of 28 U.S.C. § 1331. Without a copy of this pleading, the Court simply cannot make a reasonable evaluation of Defendant Kincaid's jurisdictional allegations; indeed, the Court cannot even identify the cause(s) of action pending in this case with any degree of specificity. Furthermore, in support of § 1331 jurisdiction, Defendant's *Notice of Removal* raises several defenses to Brejwo's *Complaint* and makes several allegations challenging the fairness of the Wood County proceedings, including allegations that the

jury was "fraudulently selected," that there was a judicial bias favoring the Plaintiff, and that Defendant "was prevented [from] present[ing] evidence to the jury[.]" (ECF No. 2 at 4.) Defendant asserts that this "unlawful discrimination" violated her rights under the Fourteenth Amendment to the U.S. Constitution. *Id.*

While the substance and status of the Wood County proceedings is unclear due to the dearth of information on the record, federal-question jurisdiction plainly does not arise to the extent Defendant Kincaid seeks to use the post-removal proceedings before this Court to challenge the constitutionality of a final order of the Wood County Circuit Court or the Wood County Magistrate Court, as this would effectively constitute appellate review under the circumstances at hand. As the Fourth Circuit recently explained, "lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." *Thana v. Bd. of License Comm'rs for Charles Cty., Md.*, 827 F.3d 314, 319 (4th Cir. 2016) (citing *Lance v. Dennis*, 546 U.S. 459, 463 (2006)).

Moreover, Kincaid's anticipated defenses to Brejwo's claim as set forth in the *Notice of Removal*—such as Kincaid's assertion that Brejwo's maintenance workers committed chemical warfare—also fails to demonstrate federal-question jurisdiction. To the extent Kincaid raised this assertion to justify her alleged noncompliance with the terms of her lease agreement, it is well-established that "merely having a federal defense to a state law claim is insufficient to support removal." *Williamsburg Plantation, Inc. v. Bluegreen Corp.*, 478 F. Supp. 2d 861, 863 (E.D. Va. 2006) (citing *Lontz v. Tharp*, 413 F.3d 435, 438 (4th Cir. 2005)). *See also Arnold v. CSX Hotels, Inc.*, 212 F. Supp. 2d 634, 637 (S.D. W. Va. 2002), *aff'd*, 112 Fed. App'x 890 (4th Cir. 2004). Moreover, to the extent Defendant asserted counterclaims, such as a counterclaim based upon the maintenance workers' purported spraying of toxic chemicals, the U.S. Supreme Court expressly held

10

that "a counterclaim cannot serve as the basis for . . . federal question jurisdiction."
*Williamsburg*, 478 F. Supp. 2d at 864 (citing *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 832 (2002)). Consequently, Defendant has failed to demonstrate that the Court has subject-matter jurisdiction over this civil action based upon a federal question pursuant to 28 U.S.C. § 1331.

Defendant likewise has failed to demonstrate that there is subject-matter jurisdiction based upon diversity of citizenship pursuant to 28 U.S.C. § 1332, because the record does not sufficiently inform the Court of the parties' domicile, or the amount in controversy. Federal statute provides, in relevant part, that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and is between "citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State." 28 U.S.C. § 1332(a)(2). As this Court previously explained, "[a] party fails to demonstrate diversity jurisdiction . . . where the record does not inform the court of the citizenship of each of the parties." *Rockwell Mining, LLC v. Pocahontas Land LLC*, 2:20-cv-00487, 2020 WL 7489758, at *2 (S.D. W. Va. Dec. 21, 2020) (citing *Passport Health, LLC v. Avance Health Sys., Inc.*, 823 Fed. App'x 141, 154 (4th Cir. 2020)).

Here, Defendant Kincaid vaguely alleged in her *Notice of Removal* that Plaintiff Brejwo "is a citizen of the United States," and Kincaid "is [a] long term, legal resident, but citizen of the Czech Republic." (ECF No. 2 at 5.) While Kincaid ultimately provided a copy of her Permanent Resident card in partial compliance with the Court's prior orders, she

was expressly ordered to identify the *Plaintiff's* State of domicile. (ECF Nos. 16 at 2; 17 at 4.) Kincaid's continued failure to do so—nearly a full year after she removed this action from the Wood County Circuit Court—leaves the Court no closer to determining whether Plaintiff and Defendant are domiciled in the same State within the scope of § 1332(a)(2). Defendant's continued failure to supplement her *Notice of Removal* with this information as she was ordered to do over *nine months ago* ultimately frustrates the Court's ability to accurately evaluate its subject-matter jurisdiction in this case under § 1332.

In addition to the question of the parties' domiciles, Defendant Kincaid has also failed to demonstrate that the relief sought in Brejwo's *Complaint* satisfies the amount-in-controversy requirement by exceeding the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Generally, the amount in controversy is determined by "considering the relief sought in the complaint." *Landmark Corp. v. Apogee Coal Co.*, 945 F. Supp. 932, 937 (S.D. W. Va. 1996). *See also Indus. SiloSource, Inc. v. Maplehurst Bakeries, Inc.*, 2:08-cv-926, 2008 WL 4279497, at *3 (S.D. W. Va. Sept. 15, 2008) (explaining that "counterclaims cannot provide the amount in controversy," because "the majority rule" is that "[t]he amount in controversy ordinarily must be determined from the complaint"). As set forth above, Kincaid has not furnished a copy of this *Complaint*.

Kincaid appears to argue in her *Notice of Removal* that the amount-in-controversy requirement of § 1332 was satisfied because (1) she filed an unspecified *Motion* in the Wood County Magistrate Court, in which she claimed more than $1 million in damages, and (2) she appears to have filed a counterclaim against Plaintiff Brejwo, asserting damages in the amount of $7.5 million. (*See* ECF No. 2.) Because the *Complaint* is the pleading used to determine the amount in controversy, however, Defendant's description

of the damages she seeks to recover via an unspecified counterclaim or motion is simply irrelevant to the amount-in-controversy inquiry under § 1332(a). Because the *Notice of Removal* says nothing regarding Brejwo's claim for relief, Kincaid has failed to demonstrate that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). As a result, Kincaid has not met her burden to demonstrate that there is subject-matter jurisdiction based upon diversity of citizenship pursuant to 28 U.S.C. § 1332.

In summary, Defendant failed to set forth enough information in her Notice of Removal or otherwise for the Court to determine (1) whether any of the claims in Plaintiff's Complaint arise under federal law within the scope of 28 U.S.C. § 1331, or (2) whether complete diversity exists and whether the amount-in-controversy requirement is satisfied within the scope of 28 U.S.C. § 1332. Defendant was given repeated opportunities over a period of more than nine months to supplement the record with this information, but she has failed to do so. Under these well-established standards, in the case at hand the undersigned **FINDS** that the jurisdictional allegations set forth in Defendant's Notice of Removal (ECF No. 2) are deficient, and remand is proper.

### b.    Show Cause Order

Remand is additionally and alternatively proper because Defendant Kincaid failed to comply with the removal requirements stated in 28 U.S.C. § 1446(a), and failed to comply with the directives of the undersigned's March 6, 2023 *Show Cause Order* (ECF No. 5), April 12, 2023 *Order* (ECF No. 12), or December 5, 2023 *Order* (ECF No. 16). The federal statute governing the procedure for removal of civil actions expressly requires a defendant "desiring to remove any civil action from a State court" to file with this Court "a copy of all process, pleadings, and orders served upon such defendant or defendants in

such action." 28 U.S.C. § 1446(a). Additionally, when a civil action is before this Court on removal from a State court proceeding, federal statute permits this Court to "require the removing party to file with its clerk copies of all records and proceedings in such State court[.]" 28 U.S.C. § 1447(b). Kincaid's longstanding failure to comply with these requirements constitutes proper grounds for the Court's *sua sponte* remand.

A district court was faced with similar circumstances in *Wells Fargo Bank, N.A. v. Antolin*, 16-cv-219, 2016 WL 4523893, at *1 (D. Haw. Aug. 9, 2016), *report & recommendation adopted*, 2016 WL 4523585 (D. Haw. Aug. 29, 2016). In that case, the parties removed a civil action from State court to the U.S. District Court for the District of Hawaii (the "Hawaii District Court"). Shortly thereafter, the Hawaii District Court entered an order explaining that the defendants "failed to comply with 28 U.S.C. § 1446(a) when filing their Notice of Removal," and directing them to file within fourteen days a copy of "all process, pleadings, and orders served upon them in the state court action." *Id.* at *1. When the defendants failed to comply with the order, the Hawaii District Court remanded the action, finding that it was "unable to ascertain whether federal jurisdiction exist[ed]." *Id. See also U.S. Bank Nat. Ass'n v. Llopis*, 2:12-cv-50, 2012 WL 260466, at *1 (E.D. Cal. Jan. 26, 2012) (remand following failure to comply with *sua sponte* order requiring the *pro se* defendant to show cause why the case should not be remanded "on the grounds that defendant failed to comply with the removal requirements stated in 28 U.S.C. § 1446(a)").

Here, just as in *Wells Fargo*, the undersigned **FINDS** that Defendant Kincaid was expressly ordered to comply with her filing obligations under 28 U.S.C. § 1446(a), but she wholly failed to do so, in direct disobedience to multiple Court *Orders*; nor has she moved for additional time or otherwise sought relief from the Court's Order *prior* to the extended

deadline of December 20, 2023, as required. Consequently, the Court is unable to ascertain whether there is original subject-matter jurisdiction to hear this civil action. Because Defendant ignored the undersigned's *Orders*, thereby failing to satisfy her burden of establishing the existence of federal jurisdiction, remand is both necessary and appropriate.

## III.   Conclusion

Accordingly, for the foregoing reasons, it is respectfully **RECOMMENDED** that Defendant Kincaid's *Request for Court Appointed Counsel* (ECF No. 17) be **DENIED AS MOOT**, and that this case be **REMANDED** to the Circuit Court of Wood County, West Virginia.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., Senior United States District Judge for the Southern District of West Virginia. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days (filing of objections) and three (3) days (mailing) from the date of the filing of this Proposed Findings and Recommendation to file with the Clerk of this Court specific written objections identifying the portions of the Proposed Findings and Recommendation to which objection is made and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.  A copy of any objections shall be provided to Judge Copenhaver and to each opposing party, except that, if any opposing party is represented by counsel, that party's copy should be provided to his or her counsel.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Fourth Circuit

Court of Appeals. 28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 155 (1985);

*Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Wright v. Collins*, 766 F.2d 841,

846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).

The Clerk is **DIRECTED** to file this Proposed Findings and Recommendation and

to transmit a copy to all counsel of record and to any unrepresented party.

ENTER:        February 7, 2024

Dwane L. Tinsley
United States Magistrate Judge

16